ZUYDER ZEE LAND CORPORATION, Respondent, v. UNITED CIGAR-WHELAN STORES CORPORATION, Appellant, et al., Defendants.

First Department, May 24, 1948.

*Harold W. Jacobsen* for appellant.

*Milton Brause* for respondent.

PECK, P. J.   The controversy here relates to the amount of rent payable under a lease.  Plaintiff is the lessor and defendant the lessee of a store in Tarrytown, New York.  Alterations were required and article 16 of the lease provided that the alterations would be made by the lessor at its expense but that the lessor should be reimbursed for the cost up to the sum of $11,582—

$6,582 to be paid by the lessee within 30 days after the submission of receipted invoices, and $5,000 as follows: " * * * Five Thousand Dollars ($5,000.00) of such cost, the Lessee agrees to pay to the Lessor at the rate of Five Hundred Dollars ($500.00) per annum for the ten (10) year term hereof, payable as set forth in Article ' 17 ' hereof. * * * "

Article 17 of the lease, so far as pertinent, reads:

"(a) It is agreed that the Lessee shall pay for each lease year during the term * * * a minimum guaranteed rental (hereinafter called the ' minimum annual rent ') equal to the sum of Fifty-one Hundred Dollars ($5100.00) per annum, plus the Five Hundred Dollars ($500.00) per annum payment provided for in Article ' 16 ' hereof, said minimum annual rental being payable in equal monthly installments, in advance, on the first day of each and every month during each lease year.

" (b) Lessee agrees to pay to the Lessor, as additional rent hereunder, in each lease year of the term, as herinabove defined, a sum by which five per cent. (5%) of the annual gross sales (as gross sales are hereinafter defined) exceeds the minimum annual rent payable hereunder * * *."

Plaintiff contends that the $500 payable annually on account of alterations is not rent and is not to be included in the " minimum annual rent " figure, at which point the " additional rent " based on 5% of sales begins. In other words, plaintiff contends that the minimum rent is $5,100 and that plaintiff is entitled to a sum by which 5% of sales exceeds $5,100 per annum, and is entitled, in addition, to $500 per annum on account of reimbursement of alteration expenses. Defendant contends that the minimum annual rent is $5,600, being the total of the $5,100 item and the $500 item, and that its liability for " additional rent " based on 5% of sales begins with the $5,600 figure. Both parties agree that the lease is unambiguous and asked for summary judgment.

The learned court at Special Term granted plaintiff's motion, holding that article 16 of the lease provides for the payment of $500 per annum for the ten-year period and that there is nothing in article 17 to make the $500 payment a rent payment. The court read the lease to require the tenant to reimburse the landlord for the alterations at the rate of $500 per annum and also to pay a rental equal to 5% of gross annual sales, with a minimum of $5,100 per annum.

There is force of reason in Special Term's analysis and conclusion, but we are unable to read the language of the lease to that effect. Article 16, standing alone, would indicate an inten-

tion that the $500 annual payment was to be a straight payment on account of alterations without relation to rent. On the other hand, article 16 specifies that the $500 shall be payable as set forth in article 17. We must look to article 17, therefore, to determine the manner and treatment of the $500 payment. In article 17 we find no ambiguity or room for interpretation. The $500 annual payment is there assimilated to rent and included in the definition of " minimum annual rent ". Minimum annual rent is defined as equal to the sum of $5,100 plus the $500 payment provided for in article 16. The words, individually and collectively, are meaningful, and it is not possible to give them all meaning except by treating " minimum annual rent " as including both the $5,100 and $500 items. Minimum annual rent is said to be *equal* to the *sum* of *$5,100* per annum *plus* the *$500* per annum payment provided for in article 16, said minimum annual rent being payable in equal monthly installments. " Said minimum annual rent ", payable in monthly installments, must also include the $500 payment or there is no provision for the manner of payment of the $500 and no implementation in article 17 of the contemplation of article 16. Had it merely been intended that the $500 was to be payable per annum without regard to the other payments to be made under the lease, there would have been no occasion for article 16 referring to article 17 for the method of payment. If " minimum annual rent " as defined in article 17 refers only to the $5,100 payment, there is no more provision in article 17 for the manner in which the $500 is payable than there is in article 16. Undoubtedly it was intended that the $500 payment should be made in equal monthly installments, and it has been so paid, but the only way in which that is made clear is by the specification that " said minimum annual rent ", which includes the $500 item, shall be payable in equal monthly installments.

When it comes to that part of article 17 providing for the payment of " additional rent " or 5% of annual gross sales, it is clearly provided that such payment is to be a sum by which 5% of gross sales exceeds the " minimum annual rent payable hereunder." As the only " minimum annual rent " payable thereunder is the minimum annual rent as defined in the preceding paragraph, we are obliged to conclude that the 5% payment starts only when the $5,600 figure is exceeded and not when the $5,100 figure is exceeded.

There is another article of the lease which, while not directly involved here, fortifies the conclusion we have reached. Article 21 states: " Lessee shall have the right to renew this lease

for a further period of five (5) years * * * at the rent herein in this lease provided to be paid, minimum as well as percentage, except that the minimum annual rent shall in no event be greater than Fifty-one Hundred Dollars ($5100.00) * * * ."

There is significance in this unusual wording, which is understandable, in its implication that the minimum annual rent for the regular term is " greater " than $5,100, only by reference to article 17 and the fact that the minimum annual rent thereunder is $5,600. The pattern of the lease is thus clear and consistent. The minimum annual rent is $5,600 for the ten-year-term of the lease, and for any renewal period would be $5,100.

The order, so far as appealed from, and the judgment should be modified to reduce the amount thereof to $1,422.64, which the appellant admits is owing and has been tendered to plaintiff, and as so modified affirmed, with costs of this appeal to the appellant.

DORE, J. (dissenting). The issue is close enough to require full development of all relevant facts and surrounding circumstances at the time the lease was made to determine the true intention of the parties. This can properly be done only at a trial. Accordingly, I dissent and vote to reverse and deny the motion for summary judgment.

GLENNON, VAN VOORHIS and SHIENTAG, JJ., concur with PECK, P. J.; DORE, J., dissents and votes to reverse and deny the motion for summary judgment, in opinion.

Order, so far as appealed from, and judgment modified to reduce the amount thereof to $1,422.64, and as so modified affirmed, with costs of this appeal to the appellant. Settle order on notice.